**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carla Louise Lyons,<br><br>                Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>                Defendant. | No. CV-14-08048-PCT-JZB<br><br>**ORDER** |

Plaintiff Carla Louise Lyons seeks review of the Social Security Administration Commissioner's decision denying her social security benefits under the Social Security Act. (Doc. 1; Doc. 20.) The Court finds that the ALJ committed harmful legal error by rejecting Plaintiff's symptom testimony without providing clear and convincing reasons supported by substantial evidence at step two of the five-step sequential analysis. Therefore, the Court will vacate the Commissioner's decision and remand this case for further proceedings consistent with this Order.[1]

**I.   Background**

On July 8, 2010, Plaintiff filed an application for disability insurance benefits. (AR[2] 125.) Plaintiff asserts disability beginning on June 1, 2008.[3] (*Id.*) Plaintiff's

---

[1] This matter is suitable for resolution based on the briefs. Accordingly, the Court denies Plaintiff's request for oral argument. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] Citations to "AR" are to the Administrative Record.

application was initially denied on November 17, 2010, and upon reconsideration on April 6, 2011. (*Id.* at 79-81, 87-89.) Subsequently, Plaintiff's application was set for a hearing, which was held on September 20, 2012. (*Id.* at 33, 112.) In a decision dated November 30, 2012, Administrative Law Judge (ALJ) Philip E. Moulaison denied Plaintiff's application for benefits. (*Id.* at 22-29.) On February 6, 2014, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner of the Social Security Administration. (*Id.* at 1-6.)

Having exhausted the administrative review process, on March 27, 2014, Plaintiff sought judicial review of the ALJ's decision by filing a Complaint with this Court pursuant to 42 U.S.C. § 405(g). (Doc. 1.) On November 25, 2014, Plaintiff filed an Opening Brief, seeking remand of this case to the Social Security Administration for an award of benefits. (Doc. 20.) On January 23, 2015, Defendant filed a Response Brief in support of the Commissioner's decision. (Doc. 25.) On February 18, 2015, Plaintiff filed a Reply Brief. (Doc. 28.)

## II. Standard of Review

The Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of the Commissioner's disability benefits determinations. The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007); *see also Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

---

[3] Plaintiff amended her onset date during the administrative hearing on September 20, 2012. (*Id*. at 36-37.)

- 2 -

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720; *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039. "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn*, 495 F.3d at 630 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Similarly, the Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

**III.     Step-Two Severity Analysis**

To be eligible for Social Security benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). A person is under a disability only:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

The ALJ follows a five-step evaluation process to determine whether an applicant is disabled under the Social Security Act:

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in "substantial gainful activity" and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id.* If the process continues beyond the third step, the fourth and fifth steps consider the claimant's "residual functional capacity" in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id.* § 416.920(a)(4)(iv)-(v).

*Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). Here, the ALJ found Plaintiff was not disabled under the Act at step two of the evaluation process.

"[A]t the second step of [the] sequential evaluation it must be determined whether medical evidence establishes an impairment or combination of impairments 'of such severity' as to be the basis of a finding of inability to engage in any [substantial gainful employment]." SSR 85-28. A "severe" impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Basic work activities include: "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting SSR 96-3p).

"[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v.*

*Yuckert,* 482 U.S. 137, 153–54 (1987)).  The inquiry "is to do no more than allow the [Social Security Administration] to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working." SSR 85-28 (internal quotations omitted).  Therefore, "an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'"  *Webb*, 433 F.3d at 687 (quoting SSR 85-28). "'[I]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step.'" *Id.* (quoting SSR 85–28).  Further, the ALJ "is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity."  *Smolen*, 80 F.3d at 1290 (citing SSR 88-13).  Thus, the Court's task in reviewing a denial of benefits at step two is to "determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments."  *Webb*, 433 F.3d at 687.

**IV.   The ALJ's Determination**

The ALJ concluded that Plaintiff was not "disabled," as the term is defined in 42 U.S.C. §§ 416, 423.  (AR 22.)  In following the five-step sequential evaluation process used for determining whether an individual is disabled, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ concluded at step one that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of June 6, 2007, through her date last insured of June 30, 2011." (*Id.* at 24.)  At step two, the ALJ found that "[t]hrough the last date insured, [Plaintiff] had the following medically determinable impairments:  irritable bowel syndrome (IBS) and an anxiety disorder." (*Id.*)  However, the ALJ concluded that Plaintiff, "[t]hrough the date last insured, did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months," and that Plaintiff's impairments were therefore not "severe" during the relevant period. (*Id.* at 25.)  The ALJ did not continue his analysis beyond

step two of the evaluation process.

Plaintiff seeks review of the ALJ's determination that Plaintiff's IBS and anxiety disorder are not, alone, or in combination, severe impairments.[4] (Doc. 20 at 1-2.) More specifically, Plaintiff argues that the ALJ erred in rejecting her symptom testimony without providing clear and convincing reasons supported by substantial evidence. (*Id.*) Defendant argues that (1) the ALJ properly discounted Plaintiff's symptom testimony, and (2) regardless, the Court should affirm the ALJ's step-two determination because it is supported by substantial evidence. (Doc. 25 at 10-18.) For the reasons detailed below, the Court finds that the ALJ erred in rejecting Plaintiff's symptom testimony at step two, and that error is not harmless.

### a. Legal Standard Regarding Symptom Testimony

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Garrison*, 759 F.3d at 1014-15 (citing *Lingenfelter*, 504 F.3d at 1035-36). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The claimant is not required to show objective medical evidence of the pain itself or of a causal relationship between the impairment and the symptom. *Smolen*, 80 F.3d at 1282. Instead, the claimant must only show that an objectively verifiable impairment "could reasonably be expected to produce his pain." *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1282); *see also Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1160-61 (9th Cir. 2008) ("requiring that the medical impairment 'could reasonably be expected to produce' pain or another symptom . . . requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon").

---

[4] The ALJ did not find any medically determinable impairment related to Plaintiff's reported back and upper extremity pain. (*Id.* at 24.) Plaintiff does not challenge that finding. (*See* Doc. 20.)

Second, if a claimant shows that she suffers from an underlying medical impairment that could reasonably be expected to produce her pain or other symptoms, the ALJ must "evaluate the intensity and persistence of [the] symptoms" to determine how the symptoms, including pain, limit the claimant's ability to work. *See* 20 C.F.R. § 404.1529(c)(1). In making credibility determinations, general assertions that the claimant's testimony is not credible are insufficient. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834); *see also Brown-Hunter v. Colvin*, ___ F.3d ____, 2015 WL 4620123 at *6 (9th Cir 2015) (finding error where the ALJ stated only that "she found, based on unspecified claimant testimony and a summary of medical evidence," that "'the functional limitations from the claimant's impairments were less serious than she has alleged'").

In weighing a claimant's credibility, the ALJ may consider many factors, including: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284; *see Orn*, 495 F.3d at 637-39. The ALJ also considers "the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptom; precipitating and aggravating factors; [and] functional restrictions caused by the symptoms . . . ." *Smolen*, 80 F.3d at 1284 (citing SSR 88-13).

At this second step, the ALJ may reject a claimant's testimony regarding the severity of his or her symptoms only if the ALJ "makes a finding of malingering based on affirmative evidence," *Lingenfelter*, 504 F.3d at 1036 (quoting *Robbins*, 466 F.3d at 883), or if the ALJ offers "clear and convincing reasons" for finding the claimant not credible. *Carmickle*, 533 F.3d at 1160 (quoting *Lingenfelter*, 504 F.3d at 1036). "'The clear and

convincing standard is the most demanding required in Social Security Cases.'" *Garrison*, 793 F.3d at 1015 (quoting *Moore v. Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, because there was no affirmative finding of malingering, the ALJ was required to provide clear and convincing reasons supported by substantial evidence for concluding that Plaintiff's subjective complaints were not wholly credible.

### b. The ALJ failed to provide clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony at step two.

With regard to Plaintiff's testimony, the ALJ first found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR 26.) The ALJ then found Plaintiff's "statements regarding the intensity, persistence, and limiting effects of [her] symptoms not credible to the extent they are inconsistent with finding that [Plaintiff] has no severe impairment or combination of impairments." (*Id.*)

At the hearing, Plaintiff testified that she can only climb a half a flight of stairs, walk for 50 yards, stand for 10 minutes, and lift no more than five pounds. (AR 40-41.) She also testified that she experiences an average of six bowel movements a day. (*Id.* at 44.) Her bowel movements last 15-20 minutes, and if she doesn't make it to the bathroom in time—which she says happens frequently—she has to take a shower afterward. (*Id.*) Plaintiff claimed that she has to take a shower four to six times a day. (*Id.* at 45.) Plaintiff further testified that, even when she is not having a bowel movement, she suffers from near-constant abdominal pain, fatigue, and lack of sleep related to IBS. (*Id.* at 44-45.) Plaintiff also testified to having a fistula. She claims she was told that if she does not receive surgery, she will die due to related complications, but that she does not have the money to pay for the surgery. (*Id.* at 45.) She also gets many yeast infections due to the fistula, and it causes her to have a bowel movement when she coughs or sneezes. (*Id.*)

Additionally, Plaintiff testified that she suffers from panic attacks caused by fear

of leaving her house. (*Id.* at 43, 48.) These attacks can last two to three hours, though they last on average an hour to an hour-and-a-half, and are triggered by Plaintiff's fear that she will have a bowel movement or urinate in public. (*Id.*) She explained that, while the medications she takes for her panic attacks help for a very short time, they do not ease her anxiety completely. (*Id.* at 43.) She claimed that her husband has to perform most work for her. (*Id.* at 47.) She also suffers from depression caused by her anxiety and IBS. (*Id.* at 48.)

The ALJ rejected Plaintiff's testimony regarding the severity of her impairments for the following reasons: (1) there was generally a lack of corroborating medical evidence, (2) Plaintiff alleged she suffered from constant diarrhea, but she did not have a "significant change in diet or evidence of significant weight loss that might be expected," (3) there was no evidence that her anxiety was not well controlled on her medication, or that she experienced any side effects from her medication, (4) she "described a range of daily activity to Dr. Shepard that is not as limited as one would expect for a disabled individual," (5) when seen by Dr. Katigbak on September 6, 2012, she denied diarrhea, nausea, and vomiting, (6) the existence of a fistula was not proven by medical evidence, and (7) none of her treating or examining physicians found any functional limitations. (*Id.* at 27-28.) The Court finds these are not clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.

First, although many of the medical records that the ALJ discussed indicate mild symptoms, the absence of fully corroborative medical evidence cannot form the sole basis for rejecting the credibility of a claimant's subjective complaints. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) (it is legal error for "an ALJ to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"), superseded by statute on other grounds as stated in *Bunnell v. Sullivan*, 912 F.2d 1149 (9th Cir. 1990); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (explaining that the "lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis").

- 9 -

Further, with regard to Plaintiff's weight and diet, the ALJ failed explain how he would expect Plaintiff's weight or diet to change due to her IBS, and how this impacts her credibility.   There is evidence that Plaintiff's providers recommended in 2009 a diet high in fiber and to include Activia yogurt.  (AR 224.)  However, the ALJ does not cite to evidence that Plaintiff failed to adhere to a prescribed diet.  The ALJ failed to explain how a lack of change in Plaintiff's weight or diet undermines her credibility and, therefore, Plaintiff's weight and diet are not clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.  *See Lester*, 81 F.3d at 834.

Additionally, with respect to Plaintiff's allegations of anxiety, the ALJ found Plaintiff's testimony not credible because there is no evidence that Plaintiff's anxiety was not well-controlled with her Atarax prescription, and there is no evidence that Plaintiff suffered side effects from her medications.   (AR 27-28.)   In assessing a claimant's credibility about her symptoms, the ALJ may consider "the type, dosage, effectiveness, and side effects of any medication" and treatment, other than medication, that the claimant has received for relief of pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(iv) and (v).  Further, evidence that treatment can control a claimant's symptoms may be a clear and convincing reason to find a claimant less credible.  *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (stating that "[i]mpairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for SSI benefits.")  However, here, although the ALJ cited to Dr. Javine's findings, he does not cite to any other medical records that specifically address the impact of Plaintiff's medication.  Further, even if there were no side effects from her medication, Plaintiff was continuously prescribed medication for anxiety and there is some evidence in the record that she continued to have symptoms, but could not obtain mental health treatment due to not having insurance.  (*See* AR 214-38, 243-44, 278-312.)   Additionally, this reason does address Plaintiff's testimony regarding the severity of her IBS symptoms.  Therefore, the Court does not find that this

1 is a sufficient basis on which to reject Plaintiff's symptom testimony at step two.

2 The ALJ also relied on Plaintiff's daily activities in rejecting her symptom testimony. (*Id.* at 28.) However, rather than relying on those daily activities to discredit specific testimony, the ALJ concluded simply that Plaintiff "described a range of daily activity to Dr. Shepherd that is not as limited as one would expect for a disabled individual." (*Id.*) The ALJ cites to Dr. Shepherd's report stating that "[Plaintiff] is able to care for her personal needs, . . . perform house work and yard work. She can vacuum. She is able to drive. She enjoys reading and swimming. She enjoys working on the computer." (*Id.* at 247-48.)

While an ALJ may discredit a claimant's allegations if a claimant has "engaged in numerous daily activities involving skills that could be transferred to the workplace," *Burch*, 400 F.3d at 681, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)) (finding "only a scintilla of evidence in the record to support the ALJ's finding that [the claimant] lacked credibility about her pain" where the claimant was able "to go grocery shopping with assistance, walk approximately an hour in the malls, get together with her friends, play cards, swim, watch television, . . . read. . . . and exercise at home.").

Here, although Plaintiff engaged in some daily activities, the evidence in the record suggests those activities were limited. Dr. Javine, to whose opinion, along with Dr. Shepherd's, the ALJ assigned "the most weight" in his decision (AR 27), stated that Plaintiff swims "a couple times a week," and that she "does not vacuum, wash tubs, toilets, . . . or do laundry." (*Id.* at 240.) According to Dr. Javine's report, the extent of Plaintiff's housework is that she does the dishes and dusts. (*Id.*) Plaintiff also testified that she only drives about once a week. (*Id.* at 38.) The ALJ's single-sentence finding, that "[Plaintiff] described a range of daily activity . . . that is not as limited as one would

expect for a disabled individual," does not constitute a specific, clear and convincing reason supported by substantial evidence for discrediting Plaintiff's symptom testimony.

The Court also finds that the inconsistencies with the medical record the ALJ identified are not clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's testimony at step two. The ALJ specifically noted that although Plaintiff testified she has constant diarrhea, she denied experiencing diarrhea to Dr. Katigbak in 2012. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161 (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). However, in light of the other medical evidence in the record regarding Plaintiff's IBS symptoms, including diarrhea and abdominal pain (*see, e.g.*, AR 214-38), the Court finds that the ALJ's citation to one progress report where she denied experiencing diarrhea is an insufficient basis on which to reject her testimony regarding the severity of her condition.

The ALJ also rejected Plaintiff's testimony because although there was suspicion of a rectovaginal fistula, it "was not proven by medical evidence." (*Id.* at 28.) As Plaintiff notes, there are medical records that indicate a fistula exists. Records from Plaintiff's gastroenterologist, Dr. Josh Zara, state that "the frequent passage of stool via the vagina [is] suggestive of a fistula between the rectum and the vagina," (*id.* at 198), and, although he could not find the fistula during the 2009 colonoscopy, he did state "but based on [Plaintiff's] history it has to be present." (*Id.* at 196.) Further, Dr. Katigbak noted that Plaintiff's gynecologist suspected Plaintiff has a fistula. (*Id.* at 219.) Additionally, the ALJ fails to explain how the lack of proof of a fistula undermines Plaintiff's credibility regarding her symptoms related to her IBS. Lack of proof of a fistula is therefore not a sufficient basis on which to reject Plaintiff's testimony. *See Cotton*, 799 F.2d at 1407.

Finally, the ALJ's general assertion that Plaintiff's treating and examining physicians did not find functional limitations is insufficient. (*Id.* at 28.) As the Ninth Circuit recently reiterated, "[o]ur decisions make clear that we may not take a general

1  finding—an unspecified conflict between Claimant's testimony . . . and her reports to
2  doctors—and comb through the record to find specific conflicts." *Brown-Hunter*, 2015
3  WL 4620123 at *6 (quoting *Burrell v. Colvin,* 775 F.3d 1133, 1138 (9th Cir. 2014)).
4  Defendant cites to *Carmickle*, 533 F.3d at 1160, to argue that "contradiction with the
5  medical record is a sufficient basis for rejecting the claimant's subjective complaints."
6  (Doc. 25 at 10.) However, the ALJ in *Carmickle* cited to specific testimony the plaintiff
7  gave regarding the amount of weight he can lift and the length of time he can sit, and the
8  ALJ explained how inconsistencies between specific medical records and the plaintiff's
9  testimony undermined the plaintiff's credibility. *See Carmickle*, 533 F.3d at 1161. Here,
10 although the ALJ notes that Dr. Shepard and Dr. Javine found no functional limitations,
11 he fails to identify with specificity inconsistencies between Plaintiff's testimony and their
12 findings regarding her functional limitations, and to explain how the findings specifically
13 undermine Plaintiff's credibility.[5]

14       For these reasons, when balanced against the other medical evidence in the record
15 regarding Plaintiff's conditions, the Court cannot find that the ALJ's reasons for rejecting
16 Plaintiff's testimony were sufficient at step two. *See Webb*, 433 F.3d at 687 (finding "the
17 ALJ's reasons for rejecting Webb's complaints at step two are not substantial enough to
18 meet the 'clear and convincing' standard when balanced against Webb's doctors'
19 contemporaneous observations, some objective tests and Webb's subjective complaints").

20       **c. The ALJ's error is not harmless.**

21       Although Plaintiff does not specifically challenge the ALJ's decision as not
22 supported by substantial evidence, Defendant appears to argue that regardless of the

---

[5] Defendant asserts that the ALJ also relied on an inconsistency between Plaintiff's testimony that she could not walk more than 50 yards, stand more than 10 minutes, sit more than half of an hour, and lift more than five pounds, on one the hand, and mild imagining and normal examination results on the other. (Doc. 25 at 15.) Although the ALJ discussed this evidence in his decision, he did not specifically make this comparison or reject Plaintiff's testimony based on this inconsistency. *See Brown-Hunter*, 2015 WL 4620123 at *6 (". . . inconsistencies identified independently by the district court cannot provide the basis upon which we can affirm the ALJ's decision"). Further, Plaintiff testified that she experienced pain and fatigue related to her IBS and stomach pain, which may not necessarily be detected by imaging or physical examinations. (AR 38, 44-45.)

- 13 -

ALJ's treatment of Plaintiff's symptom testimony, the Court should affirm the ALJ's step-two determination because it is supported by substantial evidence. (Doc. 25 at 8-11.) The Court disagrees.

"A decision of the ALJ will not be reversed for errors that are harmless." *Burch*, 400 F.3d at 679. "So long as there remains 'substantial evidence supporting the ALJ's conclusions on . . . credibility' and the error 'does not negate the validity of the ALJ's ultimate credibility conclusion,' [the ALJ's error] is deemed harmless and does not warrant reversal." *Carmickle*, 533 F.3d at 1162 (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). An ALJ's error is harmless if it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin*, 454 F.3d 1050, 1054-55 (9th Cir. 2006). Here, the ALJ explicitly evaluated and relied on both medical evidence and symptom testimony in making his step-two determination, and he did not continue on to the remaining steps in the five-step evaluation process. Therefore, the ALJ's error in rejecting Plaintiff's symptom testimony was consequential to the ultimate nondisability determination, and his error is not harmless.[6]

### V. Remand for further proceedings is appropriate here.

Having determined that the ALJ erred, the Court must vacate the Commissioner's decision. The remaining issue for the Court is whether to remand this matter for an award of benefits or for further proceedings. Such a determination is within the Court's discretion. *Smolen*, 80 F.3d at 1292.

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012)

---

[6] By finding harmful legal error, the Court does not suggest a finding regarding whether Plaintiff is disabled under the Act. However, the ALJ must provide clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014) (the ALJ's decision must be reversed only if it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard.").

(quotation omitted); *see also Treichler*, 775 F.3d at 1101 (noting that a remand for further administrative proceedings is generally useful where the record has not been fully developed, there are outstanding conflicts and ambiguities to be resolved, or the presentation of further evidence may "prove enlightening."). The Court applies the credit-as-true rule to determine that a claimant is disabled and entitled to an award of benefits only if there are no "outstanding issues [in the record] that must be resolved" and "it is clear from the record that the ALJ would be required to find the claimant disabled were [the improperly rejected] evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). However, a "claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r, Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Here, although the Court finds that the ALJ erred in rejecting Plaintiff's symptom testimony, there is insufficient evidence or analysis beyond step-two of the evaluation process to award benefits, and there are many outstanding issues that must be resolved before a disability determination can be made. Thus, remand for further proceedings is appropriate.

Accordingly,

**IT IS ORDERED** that the Commissioner's decision is vacated and this matter is remanded to the Commissioner for further administrative proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 29th day of September, 2015.

Honorable John Z. Boyle
United States Magistrate Judge